Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4063 | **DATE** | 12/21/2012 |
| **CASE TITLE** | *Hall v. Diaz, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Defendants' motion to dismiss [21-1] is granted in part and denied in part. Hall's due process claim is dismissed while the intentional infliction of emotional distress claim remains. Hall is granted 14 days from the date of entry of this order to replead the due process claim.

■ [ For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

Christopher Hall was terminated from his position as head baseball coach at Clemente High School, which he held from January 2008 until October 2011. Hall then filed this action alleging racial discrimination, denial of due process, retaliation, negligent supervision, and intentional infliction of emotional distress. The Defendants, the Board of Education of the City of Chicago, Marcey Sorensen, and Carmen Diaz, move to dismiss the intentional infliction of emotional distress and procedural due process claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below the motion to dismiss is granted in part and denied in part.

**I.     Background**

Hall was employed in a paid position as the head baseball coach of Clemente High School for the period between January 2008 and October 2011. (Compl. ¶ 12.) During his tenure as head coach, he improved the academic and athletic standards of his students. (*Id*. ¶ 20.) Prior to being appointed head coach, Hall worked at Clemente as a volunteer assistant coach between 1999 and 2007. (*Id*. ¶ 12.) During this time period, the majority of the Clemente baseball team was of Hispanic or Latino descent. (*Id*. ¶ 14).

In August and September of 2011, Sorensen, Clemente's Principal, and Diaz, its Athletic Director, asked several parents of students on the baseball team to write letters complaining of Hall's performance. (*Id*. ¶ 16.) On September 28, 2011, Hall met with Kevin McCray, Chicago Public Schools Baseball Coordinator, and Calvin Davis, Chicago Public Schools Director of Sports Administration, to complain that he was being discriminated against because of his race. (*Id*. ¶ 17.) On October 4, 2011, Sorensen terminated Hall as the head baseball coach, although he currently remains employed at Clemente as a student advocate. (*Id*. ¶¶ 10, 21.) Hall alleges that his employers asked the parents of several baseball players to write "complaints about his performance" in order to replace him with another candidate. (*Id*. ¶ 16.) Hall was replaced by Nelson

Perez, who is of Latino descent, in October 2011. (*Id.* ¶ 13.) Hall alleges that Diaz and Sorensen fired him because is African American and they wanted to replace him with a Latino coach. (*Id.* ¶ 15.)

The Defendants move to dismiss the counts for intentional infliction of emotional distress and procedural due process.

## II. Motion to Dismiss Standard

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts the well-pleaded factual allegations as true and draws all reasonable inferences from them in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). However, a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" and set forth facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Analysis

### A. Due Process

Because Hall states that he is alleging only the deprivation of an occupational liberty interest, this is the only basis for relief the Court addresses in the context of his due process claim. The Fourteenth Amendment protects against deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. "The concept of liberty protected by the due process clause has long included occupational liberty -- 'the liberty to follow a trade, profession, or other calling.'" *Wroblewski v. City of Washburn*, 965 F.2d 452, 455 (7th Cir. 1992) (quoting *Lawson v. Sheriff of Tippecanoe Cty.*, 725 F.2d 1136, 1138 (7th Cir. 1984)). To be successful in bringing his liberty interest claim, Hall must show: "that (1) he was stigmatized by the defendant's conduct, (2) the stigmatizing information was public[]ly disclosed, and (3) he suffered a tangible loss of other employment opportunities as a result of public disclosure." *Covell v. Menkis*, 595 F.3d 673, 677-78 (7th Cir. 2010) (quoting *Townsend v. Vallas*, 256 F.3d 661, 669-70 (7th Cir. 2001) (internal quotation marks omitted)). "[A]t the heart of every claim that an employer has infringed an employee's liberty of occupation, is a charge that the circumstances of the discharge, at least if they were public[ly] stated, had the effect of blacklisting the employee from employment in comparable jobs." *Townsend,* 256 F.3d at 669-70 (citation and internal quotation marks omitted). Thus, the claim of an occupational liberty interest is more than "mere defamation coupled with a firing" in that the "employee must show that, because the charges have been made, it is unlikely that anyone will hire him for a comparable job in the future." *Id*. at 670 n.9.

The Defendants assert that Hall's claim must be dismissed because he "offers no specific offending statements" and the statements are not alleged to be by a public official. Hall's allegations that Diaz and Sorensen asked parents to draft complaint letters regarding his performance satisfies this element. While no specific comments are detailed in the complaint, the Court may infer that stigmatizing comments were made by Diaz and Sorensen at least to the parents that they asked to write complaint letters. By eliciting these statements from the parents, the Defendants arguably caused "the employee's good name, reputation, honor or integrity [to] be called into question." *Id.* at 670.

Second, Hall must establish that the stigmatizing information was publicly disclosed. Hall alleges that "Defendants Sorensen and Diaz asked several parents of students on the Clemente baseball team to

write complaints about Plaintiff's performance so that they could cover up their discriminatory reason for terminating [him]." (Compl., ¶ 16). The Seventh Circuit has described publication in liberty interest claims as "disseminat[ing] the stigmatizing information in a manner which would reach future potential employers of the plaintiff or the community at large." *Ratliff v. City of Milwaukee*, 795 F.2d 612, 627 (7th Cir. 1986). At this stage, the Court must make all reasonable inferences in Hall's favor as he in the non-moving party. Accordingly, the Court will infer, based on Hall's allegations, that the purportedly stigmatizing comments were publicly disclosed.

Hall's complaint, however, fails with respect to the third element of an occupational liberty interest claim. Although Hall need not set forth detailed factual allegations, he fails to sufficiently allege facts that create a reasonable inference that he suffered a loss of other employment opportunities. While Hall alleges that "his professional and mentoring relationships with colleagues and students at the school have been damaged" (Compl. ¶ 21), he makes no allegations regarding other employment opportunities that he has lost as a result of the statements by Diaz and Sorensen. "An occupational-liberty claim requires that the circumstances made it virtually impossible for [the plaintiff] to find a new position in his chosen profession." *Palka v. Shelton*, 623 F.3d 447, 454-55 (7th Cir. 2010) (internal quotation marks and citation omitted). Based the facts alleged in the complaint, this is not a reasonable inference to draw, even considering the claim in the light most favorable to Hall. Accordingly, the Court grants the Defendants' motion to dismiss the due process claim.

    2.    <u>Intentional Infliction of Emotional Distress</u>

Under Illinois law, to state a cause of action for intentional infliction of emotional distress, Hall must show that "(1) the defendant's conduct was extreme and outrageous, (2) the defendant intended to inflict severe emotional distress or knew that there was at least a high probability that his conduct would inflict severe emotional distress, and (3) the defendant's conduct did cause severe emotional distress." *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 605 (7th Cir. 2006) (internal quotation marks and citation omitted). In considering a claim for intentional infliction of emotional distress in the employment context, a court must consider "that personality conflicts and questioning of job performance are unavoidable aspects of employment and that frequently, they produce concern and distress." *Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 567 (7th Cir. 1997) (internal quotation marks and citation omitted). If every employee were permitted to recover from an employer in these types of situations, "nearly all employees would have a cause of action for intentional infliction of emotional distress." *Id.* at 568. In order for conduct to be extreme and outrageous in the employment context, an employer must "go well beyond the parameters of the typical workplace dispute." *Lewis v. Sch. Dist. # 70*, 523 F.3d 730, 747 (7th Cir. 2008) (internal quotation marks and citation omitted).

"Illinois courts have found extreme and outrageous behavior to exist in the employer/employee context when the employer clearly abuses the power it holds over an employee in a manner far more severe than the typical disagreements or job-related stress caused by the average work environment." *Naeem*, 444 F.3d at 605-06 (finding intentional infliction of emotional distress after the employer forced pregnant employee to climb an unstable metal stairway, among other things) (internal quotations marks and citation omitted); *Pavilon v. Kaferly*, 561 N.E.2d 1245, 1248 (Ill. App. Ct. 1990) (finding intentional infliction of emotional distress after employer offered employee money for sexual favors and threatened to rape her).

According to Hall, after Diaz and Sorensen asked parents to write bogus letters complaining about his performance, he was terminated based on his race, he was never provided the letters of complaint sent by the parents, and his termination as a coach adversely affected his reputation and his current employment as a

| STATEMENT |
|---|
| Student Advocate at Clemente. While it may appear unlikely at this stage that Hall will be able to elicit evidence which establishes a claim for intentional infliction of emotional distress, the facts alleged sufficiently state a claim for relief. Therefore, the motion to dismiss the intentional infliction of emotional distress claim is denied.<br><br>**IV. Conclusion**<br><br>    In summary, the Defendants' motion to dismiss [21-1] is granted in part and denied in part. Hall's due process claim is dismissed while and the intentional infliction of emotional distress claim remains. Hall is granted 14 days from the date of entry of this order to replead the due process claim. |
|  |