# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4063 | **DATE** | 2/8/2013 |
| **CASE TITLE** | *Hall v. Diaz, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated herein, Hall's motion for leave to amend [35-1] is denied.

■[ For further details see text below.]                                    Docketing to mail notices.

## STATEMENT

Plaintiff Christopher Hall seeks leave to file a second amended complaint, which the defendants oppose. Hall initially sought to replead allegations relating to his procedural due process claim, which was previously dismissed for failure to state a claim. (Dkt. # 34.) However, Hall has abandoned this request (Reply, Dkt. # 42, ¶ 6) and now seeks leave only to add a retaliation claim. For the reasons stated herein, the motion is denied.

Hall alleged in his original seven-count complaint that he was terminated from his position as the head baseball coach at Clemente High School ("CHS") because he is African American. (Pl.'s Motion Amend, Dkt. # 35, ¶ 1.) Although being relieved of his position as the baseball coach on October 4, 2011, he retained his full-time position at CHS as a student advocate. (*Id.* ¶ 3.) According to Hall, defendants Marcey Sorensen and Carmen Diaz were served with the original complaint on June 25, 2012 and he was terminated as a student advocate on July 9, 2012. (*Id.*) Although two other positions were also cut on July 9, 2012, purportedly due to budget cuts, Hall says that he has since "learned that of those two other individuals, one was planning to leave Clemente High School and one has since been re-hired." (*Id.*) In his reply, Hall contends that he learned very recently that Diaz, one of the student advocates, was never terminated as a student advocate despite the contention that "budgetary reasons" required letting go all student advocates. (Reply, Dkt. # 43, ¶ 2.) Thus, Hall seeks leave to add allegations that he was terminated as a student advocate for filing the discrimination lawsuit.

The defendants contend that Hall exercised undue delay in waiting six months to seek leave to add the retaliation claim. They also assert that they are unfairly prejudiced by adding the claim so close to the end of fact discovery. According to the defendants, the coaching position was an after-school extra-curricular job for which he was paid only a "modest stipend" while the student advocate position was a full-time job for which the scope of damages is greater. Thus, the defendants contend, without an extension, they will be

## STATEMENT

prejudiced from conducting any meaningful discovery into the retaliation claim.

Federal Rule of Civil Procedure 15(a)(2) provides that a plaintiff may amend his pleading only with the opposing party's written consent or leave of court, which the court should freely give when justice requires. A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

The Court, in its discretion, denies Hall's motion to add a retaliation claim. Hall states that he did not learn that two other student advocates had been re-hired until the fall of 2012. However, he did not seek leave to amend until January 2, 2013. Moreover, the retaliation claim with respect to the student advocate position is a separate issue from the purported discriminatory termination of Hall as head baseball coach; thus, as Hall acknowledges, granting leave to amend would require an extension of discovery. The case has been pending since May 24, 2012, and fact discovery is set to close next week. The Court is unwilling to extend discovery at this late date. Adding the retaliation claim now, on the eve of the fact discovery cut-off, would prejudice the defendant. Based on the delay in filing the motion for leave to amend and the prejudice to the defendants in allowing the amendment at this late date, the motion [35-1] is denied.